People of the State of Illinois for use of Sam Litvin-
chuk, Appellee, v. A. A. Fassbender and Western
Casualty & Surety Company.
Appeal of A. A. Fassbender, Appellant.

Gen. No. 40,851.

Heard in the first division of
this court for the first district at the October term, 1939.
Opinion filed May 20, 1940.

Robert D. Melick, of Chicago, for appellant.

McFarland, Morgan & Stearns, of Chicago, for ap-
pellee; Leonard W. Stearns, of counsel.

Mr. Justice McSurely delivered the opinion of the
court.

Sam Litvinchuk, hereafter called plaintiff, brought
suit against defendant Fassbender alleging that he
unlawfully retained $300 belonging to plaintiff, and
that Western Casualty & Surety Company was also
liable on its bond given to secure the performance by
defendant Fassbender, as police magistrate, of the du-
ties of his office. Upon trial by the court the surety
company was found not guilty. Defendant Fassbender
was found guilty and judgment against him in favor
of plaintiff was entered for $300. Defendant appeals.

Defendant Fassbender is a justice of the peace in the village of Wheeling, Cook county; Anthony Folk had commenced suit against George Kowal who was brought before the justice; plaintiff gave a cash bond of $300 to insure the appearance of Kowal upon the trial. Defendant argues that this was a special bond to secure any judgment which might be rendered against Kowal. The records dispute this interpretation of the purpose of the bond. The return of the constable recites that the $300 was to secure the appearance of Kowal before the justice; also, the receipt signed by defendant indicates that he had received from plaintiff $300 to secure the appearance of Kowal on a certain day to answer the complaint. It is not disputed that Kowal did appear on the day set for his trial. Under these circumstances the money deposited by plaintiff to secure this appearance should have been returned to plaintiff.

If defendant was of the opinion that Folk had some claim on this special bail, proceedings should have been under the statute, which provides that where special bail is given and sufficient property is not found to pay the judgment and costs, ''it shall be the duty of the justice of the peace, upon the application of the plaintiff or his agent, to issue a summons against the special bail . . . which process shall be served and return made as in other cases.'' Ch. 79, par. 31, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 71.027]. This provision of the statute was not followed, but a special execution was issued without notice to plaintiff.

The judgment is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.