WILLIAM REDDICK, appellant, *v.* HEZEKIAH SMITH, appellee.

| 4 | 451 |
|---|---|
| 126 | 504 |

*Appeal from Cook.*

The law is well settled, that money in the hands of a sheriff, collected by him on execution, is not liable to be levied on and taken from him, by virtue of another execution or attachment.

THIS cause was heard in the Court below, at the April term, 1841, before the Hon. Theophilus W. Smith. The cause was submitted, in this Court, without argument.

G. SPRING and G. GOODRICH, for the appellant.

O. PETERS, for the appellee.

TREAT, Justice, delivered the opinion of the Court:

Smith, the appellee, recovered a judgment in the Cook Circuit Court, against Benjamin Douglass, impleaded with Aymar, for $142.94 debt, and $17.43 costs. On the 9th of November, 1840, an execution was issued on the judgment, directed to the sheriff of La Salle county. On this writ the sheriff made the following return, " Executed the within writ, by collecting the within amount of money, and my costs, and on the 31st day of March, 1841, the same was attached in my hands, as the property of the said Hezekiah Smith, at the suit of Benjamin Douglass, by a writ of attachment issued from the La Salle Circuit Court, a copy of which is hereunto annexed, and made part of this return.

" WILLIAM REDDICK,
" Sheriff of La Salle County."

It is stipulated by the parties, that an attachment was regularly

sued out, and served on Reddick, as garnishee, as stated in his return on the execution.

At the May term, 1841, of the Cook Circuit Court, while the proceeding by attachment was pending and undetermined, on the motion of Smith, the Court made an order, that Reddick, within ten days from a service of a copy of the order, pay over to Smith the money collected on the execution, and in default thereof, that an attachment issue against him.

Reddick prosecutes an appeal, and assigns this decision of the Court for error.

The question arises, can money in the hands of an officer, charged by law with its collection and safe keeping, be reached by the process of attachment.

Although money in the possession of the defendant, may be levied on, and applied to the satisfaction of an execution against him, yet the law is well settled, that money in the hands of a sheriff, collected by him on execution, is not liable to be levied on, and taken from him, by. virtue of another execution. (1) And it has been repeatedly adjudged, that money in the hands of the sheriff cannot be attached as the property or credits of the plaintiff in the execution. (2)

The money, while in the officer's hands, is regarded as in the custody of the law. It does not become the property of the judgment creditor until it is paid over to him, and consequently cannot be levied on or attached as his. Were the rule different, the sheriff could not obey the command of the writ, by having the money in Court on the return day, to be rendered to the plaintiff, or disposed of as the Court might direct. Cases might occur, of a contest as to whom the money should be paid; on which a decision of the Court would become necessary, as a guide to the officer. Besides, it would be a source of great inconvenience, lead to much delay and litigation, and frequently bring different judicial tribunals into collision with each other.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1) Turner v. Fendall, 1 Cranch 117; Williams v. Rodgers, 5 Johns. 167; Handy v. Dobbin, 12 Johns. 220.
(2) Ross v. Clark, 1 Dallas 354; Wilder v. Bailey, 3 Mass. 289; Dawson v. Holcomb, 1 Hammond's Ohio 275; Zurcher v. Magee, 2 Alabama 253.