Treat, C. J. The first question arising on this record is, whether a garnishee, who sues out a writ of error to reverse a judgment rendered against him, may inquire into the legality and regularity of the previous proceedings against the defendant in attachment. In one respect, he unquestionably can. In a suit by attachment, the Court must acquire jurisdiction, and proceed to enter a judgment against the defendant, before it can pronounce any judgment against a party summoned as garnishee. If the previous proceedings are unauthorized and void, there is no sufficient basis to support the judgment against the garnishee. He would not be protected in the payment of a judgment obtained under such circumstances. It would be regarded as a voluntary and not a compulsory payment, and the defendant might compel him to pay a second time. It is clear, therefore, that a garnishee should be permitted to inquire into the validity of the previous proceedings in the case. If such proceedings arc void, the judgment against the garnishee may for that cause be reversed on error. But, if the Court had jurisdiction, its errors and irregularities can only be called in question by the defendant, and that too in a direct proceeding for the purpose. They affect him only, and he may waive or insist on them. The garnishee has no cause to complain, for he will be protected in the payment of the judgment. Whithead v. Henderson, 4 Smedes & Marshall, 704; Matheny v. Galloway, 12 ibid, 475; Insurance Co. v. Cohen, 9 Missouri, 421. In this case, the garnishee assigns for error, that no notice of the pendency of the attachment was given to the defendant. Waiving any discussion of the question whether the publication of notice is necessary'to confer jurisdiction on the Court in proceedings by attachment, it is enough for the decision of this case, that it sufficiently appears from the record that the requisite notice was given. The record states that the plaintiffs filed proof of publication, and then follows a notice in due form, with a certificate of Houghton & Springer attached, in which they state that the notice was published in the North Western Gazette, for four weeks consecutively, the first publication being on the 20th of March, 1850. The judgment against the defendant was entered on the 20th of May, so that sixty days intervened between the first insertion of the notice and the date of the judgment. It is true that Houghton & Springer do not describe themselves in the certificate as publishers or printers of the Gazette, nor do they state where the paper was published. But it was clearly competent for the plaintiffs to prove by parol, that the paper was published in the State, and that Houghton & Springer were the publishers thereof. The presumption should be indulged, that this was done to the satisfaction of the Court. The record also presents the question, whether moneys remaining in the hands of an officer after the satisfaction of the execution against the defendant in attachment, can be reached by the process of garnishment. The statute is very broad in its provisions. It provides that the lands, tenements, goods, chattels, rights, credits, moneys and effects of the debtor, of every kind, in whosesoever hands or possession the same may be found, may be reached by attachment. This Court decided in the case of Reddick v. Smith, 3 Scam., 451, that money in the hands of a Sheriff, collected on execution, cannot be attached as the property of the plaintiff in the execution, because the money is in the custody of the law, and subject to the control of the Court from which the execution emanates; and because to allow it to be done, might bring different tribunals into collision, and cause much embarrassment to officers concerned in the execution of final process. We adhere to that decision, but we are not inclined to extend the rule to cases like the present. The same reasons do not apply to a case where an execution has been satisfied, and there is a surplus in the hands of the officer belonging to the defendant. The command of the writ does not require the officer to bring the surplus into Court. When the amount due on the judgment is returned into Court, or paid over to the plaintiff, the execution has accomplished its office, and if there is any surplus it is the duty of the officer to pay it over to the defendant. It is not strictly in the custody of the law, but the officer holds it as so much money had and received to the use of the defendant. Courts do not assume any control over a surplus, except under peculiar circumstances, as in the case of Vanitest v. Yeomans, 1 Wendell, 87, where, on a sale óf real estate under a senior execution, the Court directed the Sheriff to pay the surplus to a junior judgment creditor having a lien on the same property. See Fieldhouse v. Croft, 4 East., 510; Jacquet's Admrs. v. Palmer, 2 Harrington, 144. The remaining question relates to the correctness of the judgment against the garnishee. The answer of a garnishee until disproved or contradicted, must be considered as true. If the plaintiff declines to put it in issue, but asks for j udgment thereon, the answer ought clearly to disclose a state of facts on which the garnishee is chargeable. In such case, if the answer leaves it doubtful whether the garnishee is indebted to the defendant, he should be discharged. Judgment should not be entered against him, where there is reason to believe that he may bo compelled to pay the same demand to another }Darty. It is insisted, that the answer of the garnishee did not authorize a judgment against him. He states in substance, that, as deputy marshal, he received two executions against the defendant, and levied the same on a lot of merchandise in the possession of Campbell; that the goods were claimed by Robinson, and on a trial of the right of property, a verdict was returned against the claimant, on the ground that the executions were a lien on the goods before they came to the possession of the claimant; that he thereupon proceeded to sell so much of the goods as he supposed would be sufficient to discharge the executions, but there was found to be a surplus in his hands, which is the foundation of the judgment in question. It might, perhaps, be inferred from the answer, that Robinson was entitled to the surplus. The case, however, shows that the residue of the goods levied on by the garnishee, were attached in this case as the property of the defendant; that Robinson interpleaded claiming them as his, and that the right of property was adjudged against him. The case further shows that Robinson, subsequently came into Court, and released on the record, all claim to the goods attached and their proceeds. It is evident from the whole case, that his claim, whatever it was, was the same as to all of the goods. The right of property, as well in the goods sold by the marshal, as those levied on in this case, was determined against him; and if he was not entitled to the goods as against the attaching creditor, he certainly was not entitled to the surplus, for that was but the proceeds of a portion of the same goods. The judgment is affirmed. Judgment affirmed.