ANNA BARTELL, use, etc.,

v.

JOHN F. BAUMAN, Administrator, etc.

1. GARNISHMENT.—The proceeding by garnishment is purely statutory, and cases not plainly within the statute are to be disregarded. The proceeding is in effect a suit by the judgment debtor for the use of his creditor against the garnishee, and generally speaking. it may be maintained in all cases where an ordinary suit would lie against the latter in favor of the judgment creditor.

2. PRACTICE—WHEN PROCESS OF GARNISHMENT WILL NOT LIE.— For reasons of public policy, a municipal corporation is held not liable to the process of garnishment, and when the money is in the custody of the law it can not be reached in this way.

3. WHEN OFFICIAL IS AMENABLE TO THE PROCESS—Whenever an official holds money merely as the agent of the law, he is not amenable to the process of garnishment, but when his relation is so far changed that he is under a personal obligation to the judgment debtor, he is amenable to such process.

4. ADMINISTRATOR AMENABLE TO PROCESS OF GARNISHMENT.—The court is of opinion that the case of an administrator is analogous to the cases of a master in chancery and sheriff (47 Ill. 237 and 12 Ill. 358) and that there is a personal obligation from the administrator to the judgment debtor.

ERROR to the County Court of Alexander county; the Hon. WILLIAM P. MURPHY, Judge, presiding. Opinion filed April 13, 1883.

Bartell v. Bauman.

Mr. H. Clay Horner, for plaintiff in error; that where an official holds money merely as the agent of the law, he can not be subject to the process of garnishment, but if anything arises to change this relation from an official obligation to a *personal liability*, he can be amenable to such process, and that this is law independent of any statute, cited Lightner v. Stingagle, 33 Ill. 517; Weaver v. Davis, 47 Ill. 237.

Whenever the devisee, legatee or distributee can enforce payment of amount due him by action against the administrator, it is then a *debt due* within the law of garnishment: Freeman on Executors, § 131; Curling v. Hyde, 10 Mo. 374; Richards v. Griggs, 16 Mo. 416.

Masters in Chancery are liable to garnishee process after they become liable to action on part of distributee: Weaver v. Davis, 47 Ill. 235; Triebel v. Colburn, 64 Ill. 377.

It is not the *officer* who is privileged, it is the property which is in his hands under such circumstances as makes it technically *in custodia legis:* Freeman on Executions, § 130; Pierce v. Carleton, 12 Ill. 364.

The fact that the exact amount due the widow is not ascertained by the court is immaterial: McMurphy v. Boyles, 49 Ill. 110; R. S. 1874, Chap. Dower, § 10.

Messrs. Hartzell & Simpson, for defendant in error; that where a person derives his authority from the law to receive and hold money or property, he can not be garnished for the same, cited Millison v. Fisk, 43 Ill. 112.

A judgment will not be entered against a garnishee except when a clear indebtedness is shown existing at time of service of garnishee process, and unless answer of garnishee clearly makes him chargeable, he should be discharged: C. & St. L. R. R. Co. v. Hindman, 85 Ill. 521; Pearce v. Carleton, 12 Ill. 358; I. C. R. R. Co. v. Cobb, 48 Ill. 404; C. & St. L. R. R. Co. v. Killenberg, 82 Ill. 295; The People v. Johnson, 14 Ill. 342.

Wall, J. Bauman was administrator *cum testamento annexo* of Theodore Bartell. Anna Bartell, the widow, renounced the will and elected to take under the statute. The ad-

Bartell v. Bauman.

ministrator made his final report showing a balance of $508.91 in his hands for distribution, which report was approved by the county court and the balance was ordered to be paid " to the heirs entitled thereto." Paulus and Grott having a judgment against the widow upon which an execution had been returned " *nulla bona*," made the necessary affidavit and sought to garnish the widow's share of the money in the hands of the administrator.

Upon a hearing of the above facts the court discharged the garnishee, and the question is as to the propriety of this ruling.

The proceeding by garnishment is purely statutory, and cases not plainly within the statute are to be disregarded. The object is to reach matters of indebtedness due the judgment debtor from the garnishee or any estate or effects held by him belonging to the judgment debtor and appropriate the same to the payment of the demand of the judgment creditor. The language of the statute is broad and not difficult of construction, so far as it relates to the character of assets to be affected.

The proceeding is in effect a suit by the judgment debtor for the use of his creditor against the garnishee, and generally speaking, it may be maintained in all cases where an ordinary suit would lie against the latter in favor of the judgment debtor.

For reasons of public policy, it is held that a municipal corporation is not liable to this process: Merwin v. The City of Chicago, 45 Ill. 133.

It is also a well-settled rule, that when the money is in the custody of the law, it can not be reached in this way, for the reason that it would tend to confusion and collision between different judicial tribunals and greatly embarrass the officers of the law in the performance of their duties.

It is contended on behalf of the administrator, that the money in question was *in custodia legis* in the sense here intended, and that therefore the court properly discharged the garnishee.

The Supreme Court of this State have discussed the subject

Bartell v. Bauman.

in several cases: Pierce v. Carleton, 12 Ill. 358; Lightner v. Stingagle, 33 Ill. 517; Weaver v. Davis, 47 Ill. 237; Triebel v. Colburn, 64 Ill. 377; and the principle to be deduced is that whenever an official holds merely as the agent of the law he is not amenable to the process, but when his relation is so far changed that he is under a personal obligation to the judgment debtor he is amenable.

Accordingly it was held in Pierce v. Carleton, *supra*, that a surplus in the hands of a sheriff, after paying an execution, might be garnished; and in Weaver v. Davis, *supra*, that money in the hands of a special Master in Chancery devised from the sale of lands in partition which the court had ordered to be distributed to the partitioners might be so appropriated.

So far as we are advised, the case of an administrator has not been before the Supreme Court of this State, but it has been held by the courts of last resort in other States that when an order of distribution is made, and the distributee has thus acquired a right to demand his portion, the writ will lie. See Freeman on Executions, Sec. 131, and the cases there cited. We think the case of the administrator is quite analogous to the case of the Master in Chancery above referred to, and that the principle involved in the case of a surplus held by the sheriff is the same as that involved here, viz.: there is a personal obligation from the officer to the judgment debtor.

When the order of distribution is made, the administrator owes a duty to the distributee to pay him his portion, and this may be enforced at the suit of the latter. Should it be insisted that by Sec. 115, Ch. 3 R. S. suit could not be maintained on the official bond against the administrator and his sureties until thirty days after demand for payment, it may be answered that this is not a proceeding on the bond, but merely to reach a fund in the hands of the administrator; that the chief object of requiring this demand is to save useless costs, as was said in the People v. Admire, 39 Ill. 251, and that in this proceeding the garnishee is not necessarily taxed with costs, Sec. 27, Ch. 62—that where the demand is, in the nature

of the case, out of the question, it is not necessary, and finally that the statute contemplates the use of this writ, even in cases where the debt is not due, and provides that execution shall not issue until after the debt is due, unless, etc. See Ch. 62, Sec. 19, R. S.

If it were to be held that the distributee could not sue the administrator till thirty days after demand made by him, and that, therefore, the money could not be garnished without demand so made, the distributee could, by omitting to make the demand, keep the money forever beyond the law, and yet by collusion with the administrator might receive it without demand, and thus avoid the payment of his debt. Should it be urged that the administrator is not compelled to pay until he has received a refunding bond according to Sec. 117, Ch. 3, R. S., the answer is that if he should ask such a bond the court would have ample power to require the creditor to execute it as a condition of the garnishment under Sec. 24, Ch. 62, R. S., and such was the ruling in the case of Titchett v. Dalben, 3 Harrington, 267, though no similar statutory provision was referred to.

We are of opinion the court erred in discharging the garnishee, and, therefore, reverse the judgment and remand the cause.

Reversed and remanded.