# L. A. SMITH, FOR THE USE OF JOHN AND M. P. MITCHELL,

## v.

## PATRICK FINLEN.

*Garnishment—County Clerk.*

A County Clerk is not liable as garnishee in respect to money received by
him in redemption of land from a tax sale.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of La Salle County; the
Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. LORENZO LELAND, for John and M. P. Mitchell, appel-
lants.

Mr. S. R. BLANCHARD, for L. A. Smith, appellant.

WELCH, J. This was a garnishee proceeding instituted by

the appellant against the appellee before a Justice of the Peace and appealed to the Circuit Court and trial had in the Circuit Court on the following written stipulation:

" L. A. Smith, for use, etc.,
vs.
Patrick Finlen, Garnishee.

" It is hereby agreed between Lorenzo Leland and M. N. Armstrong, attorneys for the respective parties in the above entitled cause, that there is now, in the hands of said Patrick Finlen, as the County Clerk of the County of La Salle, and State of Illinois, the sum of fifty-two and 99-100 dollars, which said money was paid to said clerk for the redemption from tax sale of the S. ½ of lot 11, block 14, in Richey's Addition to Marseilles, on the 19th day of June, A. D. 1885; and that said money is due to the holder of the certificate of purchase of said property, said certificate being dated June 20, 1883; and that said L. A. Smith was the holder of said certificate at the time the garnishee process in said suit was served on said Patrick Finlen.

" Dated June 26, 1885.

" Lorenzo Leland,
" M. N. Armstrong."

The court found in favor of the garnishee and gave judgment in his favor for costs. From which judgment this appeal is taken.

The only question presented for our consideration by this record is whether a County Clerk is liable as garnishee in respect to money in his hands, received by him in redemption of land from tax sale; the duties, powers and obligations of the County Clerk are clearly defined by statute. He is the only person to whom money can be paid for redemption of land from tax sales. He is required by law to keep a record of all lands sold for taxes, to whom sold, by whom and when redeemed, and the amount received on redemption. He is required to pay such redemption money to the legal holders of the certificate of purchase, and no other person, and upon his retirement from office, must pay over all money received by him in redemption from tax sales, remaining in his hands, to his successor. It is insisted by the counsel for

Smith v. Finlen.

appellant that this case comes within the principle of the decision of Pierce v. Carlton, 12 Ill. 358; Weaver v. Davis, 47 Ill. 235, and of Bartell v. Bauman, 12 Ill. App. 450. In Pierce v. Carlton, *supra*, it was held that a surplus in the hands of a Sheriff after paying an execution might be garnisheed, for the reason the Sheriff is accountable to no one but the judgment debtor for such surplus. This surplus is not considered to be strictly within the custody of the law, but to be held by the officers as so much money had and received for the use of the defendant in execution. And in Weaver v. Davis, *supra*, that money in the hands of a special master in chancery, derived from the sale of lands in partition which the court had ordered to be distributed to the partitioners might be garnisheed, for the reason it was the money of the party to whom it was ordered to be paid and he could have maintained an action for it; that the money was no longer in the custody of the law. Bartell v. Bauman, 12 Ill. App. 450, was the case of an administrator who had made his final report showing a balance in his hand; and the County Court approved the report and the balance was ordered to be paid to the heirs entitled thereto—might be garnisheed for the same reason as in the case of Weaver v. Davis, *supra*. We hold that this case does not come within the principle announced in these cases, but that it falls within the rule announced in the case of Lightner v. Steinagel, 33 Ill. 510, where it was held that money in the hands of a Sheriff, received by him in redemption from sale on execution, is not subject to garnishment. And the reason given was, that he received the money as an officer of the law. His authority to receive was derived directly from the statute. He was the mere agent of the law. Finlen, as County Clerk, in the matter of money received by him in redemption from tax sales, is the agent of the law to the same extent that the Sheriff is in relation to money received by him as Sheriff, from sales on redemption under execution, and as held in case of Lightner v. Steinagel, *supra*, as to such money—it is not subject to garnishment.

We do not perceive any grounds for reversing the judgment in this case.

*Judgment affirmed.*