JAMES J. GENDE, Plaintiff-Appellant, *v.* WILLIE FLEMMING *et al.*, Defendants-Appellees.

Third District   No. 77-130

Opinion filed December 27, 1977.

BARRY, J., dissenting.

James J. Mesich, of Walker, Gende, Hatcher, Berz & Giamanco, of Moline, for appellant.

Edward Keefe, State's Attorney, of Rock Island, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County which denied James J. Gende, a judgment creditor (who had obtained judgment against Willie Flemming), the right to garnishee bail bond money which Flemming had deposited with the clerk of the court.

The record discloses that the judgment debtor Flemming has complied with all conditions of his bail bond and no order of forfeiture has been entered in respect to the bond and further no assignments have been made with respect to the sum deposited as bail with the garnishee defendant, circuit clerk.

The sole issue presented for determination by this court is whether a circuit clerk is liable as a garnishee in respect to money received by him for a judgment debtor as bail bond money.

The judiciary of the States of our nation have expressed divergent opinions when confronted with the question and though there is no Illinois case which precisely determines the question our reviewing courts from an early date have established some clear guidelines and policies regarding the garnishing of funds held by an agent or officer of the court.

In the case of *Reddick v. Smith* (1842), 4 Ill. 451, our supreme court held that the law was well settled that money in the hands of a sheriff, collected by him by virtue of an execution, is not liable to be levied on and taken from the sheriff by virtue of another execution or attachment. In *Reddick* the court states:

"The money, while in the officer's hands, is regarded as in the custody of the law. It does not become the property of the judgment creditor until it is paid over to him, and consequently can not be levied on or attached as his. * * * Cases might occur, of a contest as to whom the money should be paid; on which a decision of the court would become necessary, as a guide to the officer. Besides, it would be a source of great inconvenience, lead to much delay and litigation, and frequently bring different judicial tribunals into collision with each other." *Reddick v. Smith* (1842), 4 Ill. 451, 452.

In *Lightner v. Steinagel* (1864), 33 Ill. 513, our supreme court was again faced with a situation where a judgment creditor attempted to garnishee money held by a sheriff and which he had obtained from individuals who had redeemed certain parcels of land which the officer has sold pursuant to a writ of execution. In *Lightner* the court followed the ruling and

reasoning in *Reddick v. Smith* (1842), 4 Ill. 451, and made the additional observation, to-wit:

"We think the true rule in such cases is, that where the sheriff derives his authority from the law, he must exercise it according to the rules of law. So situated, public policy requires he should not be charged on garnishee process in respect of any money or property held by him in virtue of that authority; as such, it is in the custody of the law." *Lightner v. Steinagel* (1864), 33 Ill. 513, 518.

In *Smith v. Finlen* (1887), 23 Ill. App. 156, the reviewing court held that a county clerk was not liable as garnishee in respect to money received by him in redemption of land from a tax sale. The basis for the court's decision in *Smith* was that the county clerk received and held the money as an officer of the law, that his authority was derived directly from statute and that as a result thereof the clerk was not liable in a garnishment action as to funds held by him as an agent of the law.

■■ While property or money is in custodia legis, the officer holding it is the mere hand of the court; his possession is the possession of the court, and to interfere therewith is to invade the jurisdiction of the court itself. In the absence of express statutory authority the general rule is that property or funds in custodia legis are not subject to either attachment or garnishment. See 6 Am. Jur. 2d *Attachment & Garnishment* §196, at 702 (1963).

There is no statutory authority in our State authorizing the garnishment of bail bond money being held by a circuit court clerk, nor are there any Illinois decisions which hold that the provisions of section 110—7(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 110—7(f)) which relate to the disposition of bail bond money, are in any way available to the judgment creditors of the accused.

■■■ As we have heretofore stated, there is no clear-cut precedential authority in our State on the question involved in this appeal, however, we are of the opinion that our reviewing courts in determining similar issues have concluded that a judgment creditor does not have the right to garnishee money in the possession of an officer or agent of the court. We believe that this determination is a sound one since such money as long as it remains in the possession of a public official, to-wit, a circuit clerk, is deemed to be property or funds in custodia legis and not subject to garnishment. We are also of the opinion that to hold otherwise could, as our supreme court has stated, lead to inconvenience, delay, litigation, and frequently bring different judicial tribunals into collision with each other. Further, to permit a clerk holding bail bond money of an accused to be garnisheed by a judgment creditor of the accused would tend to thrust our judicial system into the midst of collection agency problems and the purpose of a bail bond, being the securing of the presence of a defendant

before the court, would be undermined if the defendant realized he could not hope to recover his bail bond money even if he complied with the terms of his bond.

For the reasons stated the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE BARRY, dissenting:

The majority opinion summarizes the state of the law on this subject, reciting not only what is the law, but also what has been the law for a very long time. Nevertheless, I believe the majority decision is incorrect in the light of our recent opinion in *People v. Cox* (3d Dist. 1977), 48 Ill. App. 3d 499, 363 N.E.2d 389.

In *Cox* we decided that the State can, in effect, garnishee any bail bond moneys put up by a defendant, less costs, to pay a debt owing the State. The debt in that case resulted when the defendant failed to appear in court after posting a bail bond. Subsequently, after having another bail bond posted for him by his mother, the defendant appeared in court, thereby satisfying the bond. The second bail bond deposit, less costs, was attached by the court system to satisfy, in part, the amount due and owing by the defendant for breaching the initial bond. We reached this result in spite of the evidence that the defendant's mother had put up the second bail bond deposit for the defendant.

Furthermore, it is a well-recognized practice in this State that an attorney, to assure the collection of fees in a criminal case, will accept an assignment of the defendant's bail bond deposit, less costs, which is usually honored by the circuit clerk. Unfortunately for the defendant's mother in the *Cox* case, she was given no written assignment of the bail bond deposit by the defendant. I do not suggest that the *Cox* case would have been decided otherwise had such an assignment existed, but we certainly would have faced a greater problem in determining the priorities of the creditors.

My argument, in short, is that if the State, by its court system, can step in and attach the bail bond deposit, so can a private creditor. The majority's conclusion that to allow private creditors to garnish bail bond money in the hands of the circuit clerk would undermine the purpose of a bail bond is no less applicable if the State takes the money.

Nor is ease of administration a sufficient reason for denying a creditor a remedy. If more than one creditor lays claim to the funds, certainly the circuit clerks can use an interpleader action to allow the courts to decide

the priorities of the creditors. (See Ill. Rev. Stat. 1975, ch. 110, par. 26.2.) Otherwise, if the creditor has a judgment, the circuit clerk, having only a ministerial function, cannot challenge a judicial determination from any court. Absent a judgment in favor of a creditor or an assignment by the defendant, certainly the circuit clerk would return the deposit, less costs, to the defendant.

The majority has suggested that this would "frequently bring different judicial tribunals into collision with each other." However, Illinois is supposed to have a statewide, unified judicial system. In theory, there is supposed to be some communication and cooperation among the circuits. For the most part, such communication and cooperation exists, and therefore, I doubt that the prophesied catastrophic "collision" will occur.

Given these reasons and our decision in *Cox*, I would have reversed the judgment of the circuit court of Rock Island County.