A-1 LITHOPLATE, INC., Plaintiff-Appellee, *v.* AFS PUBLISHING CO. *et al.*, Defendants.—(MORGAN M. FINLEY, Clerk of the Circuit Court of Cook County, Garnishee-Defendant-Appellant.)

First District (3rd Division)    No. 78-546

Opinion filed November 8, 1978.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Raymond Prosser, Assistant State's Attorneys, of counsel), for appellant.

Crooks, Gilligan & Kages, Ltd., of Chicago (Laurence J. Dunford, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

We are called upon here to determine whether there are circumstances under which cash bail bonds posted by a defendant in a criminal proceeding can be garnisheed by his judgment creditors while the bonds are held by the court clerk.

The plaintiff, A-1 Lithoplate (Lithoplate), served a garnishment summons on the garnishee-defendant, Morgan M. Finley, Clerk of the Circuit Court of Cook County (the Clerk), seeking to garnish cash bail bonds. The bonds in question were in the Clerk's possession, having been posted by the defendant, Art Seawall, to secure his release from custody pending the disposition of criminal charges against him. Lithoplate claimed that Seawall was its judgment debtor and this was not denied. At the time the garnishment summons were served on the Clerk, the criminal charges against Seawall were still pending.

The Clerk moved to dismiss the garnishment proceeding, contending that cash bonds deposited with a court clerk to secure the release of an accused in a pending criminal case are not amenable to the garnishment process. The reason he advanced in his motion was that he was holding the bond money as an agent of the law. The trial court denied the motion to dismiss, and ordered the Clerk to answer the garnishment summons. The Clerk's answer was that two cases in which bonds had been posted were still pending, in another case the defendant's failure to appear had resulted in a bond forfeiture, and the Clerk was in possession of bonds in three cases which have been dismissed. The trial court dismissed the garnishment actions on the bonds applicable to the proceedings which were still pending and on the bond which had been forfeited, on the ground that the Clerk was not holding funds payable to Seawall. However, the trial judge also held that because three of the cases had been dismissed between the time the garnishment summons were served and the Clerk's answers were filed, the refunds from the bonds posted in those cases were payable to Seawall and were his property. Accordingly, the court entered judgment for the garnishor on those bonds, but granted the Clerk's application for a stay of enforcement of the judgment. This appeal by the Clerk followed.

At issue here, then, is whether a bail bond posted by an accused in a criminal case which is subsequently dismissed is subject to garnishment by a judgment creditor of the accused while in the Clerk's possession when (i) the garnishment summons was served on the Clerk at the time the criminal case was pending, and (ii) the Clerk's answer was not filed until after the criminal charges were dismissed.

*Gende v. Flemming* (1977), 55 Ill. App. 3d 659, 371 N.E.2d 191, presented facts similar to those here. The decision in that case, which contains applicable precedent and persuasive reasoning, was that

garnishment of bail bond funds held by a court clerk was not permissible. Our view is that bail bond money held by a circuit court clerk, like any money held by any judicial officer in his official capacity, is in the custody of the law. The clerk who holds that money retains it under the authority of the court, and keeps the money solely to be disposed of as directed by the statute. (Ill. Rev. Stat. 1977, ch. 38, par. 110—7(f).) In such a case, the general rule is that without express statutory authority, such funds are subject to neither attachment nor garnishment by private persons. See 6 Am. Jur. 2d *Attachment & Garnishment* §196, at 702 (1963); *Gende,* at 660-61; *Lightner v. Steinagel* (1864), 33 Ill. 510; *Reddick v. Smith* (1842), 4 Ill. 451; *Smith v. Finlen* (1887), 23 Ill. App. 156.

No Illinois statute authorizes the garnishment by a private judgment creditor of bail bond money held by a circuit court clerk. (*Gende,* at 661.) Indeed, in keeping with the general rule, in the only arguably relevant recent Illinois case other than *Gende, People v. Cox* (1977), 48 Ill. App. 3d 499, 363 N.E.2d 389, the State was permitted to seize the amount remaining from a bail bond deposit to satisfy a previous bail forfeiture judgment, while a private citizen was denied access to the bond funds.

We believe that the reasoning behind the general rule, which was upheld in *Gende,* that bond funds in the custody of a court clerk are not subject to garnishment or attachment by private persons, is sound, and that public policy requires us to follow the precedent established by that decision. Holding otherwise might well result in cases where various judgment creditors struggled to win bail bond money. The consequences would be to throw the clerk into the middle of creditors' battles and increase the often-commented-upon delay and inconvenience in our court system. Also, because the trial court often will, as authorized by statute, order fines, court costs, restitutions to victims and attorneys' fees paid from bonds after criminal proceedings are concluded (see Ill. Rev. Stat. 1977, ch. 38, pars. 110—7(f), (g), (h)), permitting garnishment of these funds would interfere with the disposition of cases. And, in practice, many minor offenses are disposed of by combinations of fines, costs and restitution. If a criminal court judge's disposition of a case depends on how much money is available in a bond, which in turn depends on how he or another judge rules on the rights of private judgment creditors to the bond, the consequent delay and detrimental complication of the workings of our courts is apparent. *Reddick,* at 451-52; *Gende.*

Further, allowing the Clerk to be garnished would undermine the purpose of the bail bond system. If an accused had no hope of regaining his bail bond money even after he complied with the terms of his bond, one of his supposed primary motivations for appearing at trial would vanish, and he would be given an additional reason to flee the jurisdiction to avoid standing trial. *Gende,* at 661-62.

In addition, it is quite possible that allowing a private judgment creditor to garnish bail bonds held by the Clerk would violate an accused's constitutional rights. It is well-known that bond money is often advanced by third parties, and they might be reluctant to post bail if the money they advanced were subject to garnishment. Furthermore, if an accused's bond were not protected from garnishment by a private creditor, the accused might find it quite difficult to obtain the services of a private attorney willing to take his defense when the bail bond might not be available to pay his legal fees.

The argument advanced by the able dissenting justice in *Gende* that if the State can attach a bail bond, a private creditor should be allowed to garnishee it (see *Gende*, dissent, at 662), is not persuasive here. *Cox*, on which the dissenting justice in *Gende* placed strong emphasis, did not involve a garnishment. Also permitting court-ordered attachment of bail bond money by the State under statutorily established procedures as set forth in sections 110—7(f), (g), (h) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, pars. 110—7(f),(g),(h)) does not justify allowing unlimited garnishment proceedings by all entities, public or private, contending they have a claim on those funds. Further, the bail statute specifically authorizes certain payments by the Clerk after a criminal case has been disposed of, but makes no reference to payment to private judgment creditors. (See Ill. Rev. Stat. 1977, ch. 38, par. 110—7(f).) If the legislature had intended to permit such a practice it could have done so. But whether such a practice should be authorized is a decision for the legislature rather than the courts.

The statute to which we turn for guidance, section 110—7(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, par. 110—7(f)), directs the Clerk to return to the accused 90 percent of the bail security when the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause, unless the court orders otherwise. Thus, unless the court directs other disposition, so long as he is holding bail money in criminal cases, the Clerk derives his authority directly from the statute and must act in compliance with the directives of the statute. While holding the bail funds, he is an agent of the law with specific statutory duties to discharge. While discharging these duties, which include return of a portion of the bail bond to the accused, the Clerk is immune from garnishment proceedings by a private creditor.

The judgment of the trial court allowing Lithoplate to garnish two of the defendant's bonds is reversed, and that portion of the order permitting such a garnishment is vacated.

Judgment reversed.

JIGANTI, P. J., and McNAMARA, J., concur.