The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert L. Lowder, Jr., Defendant—(Delcina Purtle, Petitioner-Appellant.)

(No. 73-214; ▮▮▮▮▮▮▮)

Third District—August 23, 1974.

Robert L. Silberstein, of Peoria, for appellant.

Robert A. Downs, State's Attorney, of Lewistown, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Delcina Purtle, petitioner-appellant, posted $5000 as bail bond on behalf of Robert L. Lowder. The bail bond was subsequently forfeited. Petitioner filed a motion praying that the bail bond be returned to her. Her motion was denied and she appeals. She urges that the State did not comply with the statutory procedures as found in section 110—7(g) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, ¶ 110—7(g)), for forfeiture of bail bond, by not giving her notice of the forfeiture proceedings.

▮▮ We find that petitioner had no standing to bring the action to recover the bail bond and therefore she has no standing to appeal. The

statute in question does not extend to her the right to be notified that bail bond had been forfeited. The statute specifies that as far as the State is concerned, the 10-percent bail-bond deposit is posted by the accused. The statute requires that notice be given only to the accused since he is entitled to any refund in the event of compliance with the terms of bail. When petitioner furnished the 10-percent deposit, she did so at her own risk. The bail bond serves as a deterrent to flight and if the defendant does indeed flee, then the bond is forfeited.

Accordingly, petitioner's appeal is dismissed.

Appeal dismissed.

SMITH, P. J., and SIMKINS, J., concur.