THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LIMUEL DABBS, Defendant-Petitioner-Appellant.—(NELLIE DABBS, Petitioner-Appellant.)

(No. 12475;

Fourth District—December 17, 1974.

Maurice W. Kepner, of Roberts and Kepner, of Springfield, for appellant.

William E. Lowry, State's Attorney, of Pittsfield, for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Limuel Dabbs and his mother, Nellie Dabbs, filed a petition seeking the return to Nellie Dabbs of the balance of a $10,000 bail bond deposited by her for her son—he having fulfilled the conditions of the bail bond. The trial court denied the petition and ordered the funds paid to Pike County to be applied on a preexisting judgment against Limuel Dabbs on the forfeiture of a prior bail bond.

Limuel was charged with burglary and theft by an information filed on June 11, 1971, with bail set at $10,000. Limuel deposited $1000 on

June 14, 1971, and an order was entered permitting him to leave the state to return to Missouri where he lived and worked. On August 26, 1971, an indictment was returned charging Limuel with burglary and theft, and bail was continued at $10,000. Limuel failed to appear for arraignment on September 7, 1971, and on September 13, 1971, the court granted the State's motion for forfeiture of the bail for failure to appear. On October 22, 1971, a judgment was entered in favor of the State against the defendant for $10,000 on the bond, and an execution was issued the same day, but with no service on the defendant and no levy on the judgment.

On December 21, 1971, an information for violation of the bail bond was filed against Limuel, and bail set on it in the amount of $25,000. On April 7, 1972, the bail on the burglary charge was increased to $75,000. Also on that date, a second execution was issued on the $10,000 judgment with service made on the defendant, but no levy against his assets. Limuel pleaded not guilty to both the burglary and bail bond violation charges on April 12, 1972, at which time he was first represented by counsel. On May 3, 1972, petitioner Nellie Dabbs, defendant's mother, came to Pike County and retained counsel for the defendant, who tried unsuccessfully to get the bail bonds reduced. Nellie Dabbs then determined to try to post the $10,000 necessary for the $100,000 bond, but was concerned about that deposit being used by the State to satisfy the judgment on the previous forfeiture by her son. Both Nellie Dabbs and defendant's counsel contacted the State's Attorney in an attempt to either get a legal opinion as to the deposit for the second bond being used to satisfy the earlier judgment, or at least a gentleman's agreement that the State's Attorney would not attempt to have the second bond applied to the former judgment. Petitioner and her attorney testified that an understanding was reached with the State's Attorney that if Nellie put up the $10,000 for her son, there would be no attempt to use it to satisfy the judgment against Limuel. The State's Attorney testified that he did not commit himself either to petitioner's counsel over the telephone nor to the petitioner in person, but that he told the attorney that it was an interesting question and that when petitioner visited him personally he advised her to take the advice of her counsel. In any event, Nellie gathered $10,000 cash and on May 5, 1972, accompanied by counsel, went to the clerk's office where receipts were issued to her for the $10,000, being 10% of both the $75,000 bond and $25,000 bond. Limuel executed assignments to Nellie of both the $7500 and the $2500 deposits which were both filed with the clerk.

On August 2, 1972, Limuel pleaded guilty to both charges, was sentenced, and a mittimus issued. Her son having fulfilled the bail bond

requirements, Nellie filed, on August 4, 1972, a motion for the return of 90% of the sum she had deposited as the surety of Limuel Dabbs. The attached affidavit of Nellie stated that all of the money posted for Limuel by her belonged to her and an affidavit of Limuel's wife asserted that she had accompanied Nellie to the clerk's office and that the money was deposited as surety for Limuel. When the motion was presented, Nellie's attorney stated that there had been an understanding with the State's Attorney's office before the security deposit was made that if Nellie put up the money, there would be no attempt to use it to satisfy the earlier judgment against Limuel, but that it would be returned if the defendant complied with the conditions of the bond. The court took the motion under advisement and requested briefs.

Also on August 4, 1972, a citation to discover assets was issued against Limuel on the petition of the State's Attorney regarding the $10,000 judgment against him. That petition was heard on August 10, 1972, and Limuel testified that he had no assets and that he did not own any part of the $10,000 security deposit posted on May 5, 1972, but that it all belonged to his mother. At the close of that hearing, the court stated that an order would be entered finding that the defendant had no assets but that ruling would be reserved on the deposit until briefs were filed on the motion of Nellie Dabbs.

Nellie Dabbs' attorney was granted leave to withdraw in February 1973; new counsel appeared on March 29, 1973, and was given leave to file further pleadings. On June 21, 1973, the new counsel filed a petition on behalf of both Limuel and Nellie Dabbs for refund of the bail bond security deposited May 5, 1972. This petition was heard on September 14, 1973, at which time leave was granted without objection to add Nellie as an additional party. At the close of the hearing, the court stated that it was clear from the evidence that the money came from Nellie Dabbs but denied the motion and ordered the clerk to apply the proceeds of the security deposit of May 5, 1972, in satisfaction of the judgment against Limuel but to invest the funds pending appeal.

Section 110—7(g) of the Code of Criminal Procedure dictates that as to the first bail bond executed by Limuel on June 14, 1971, which was forfeited by his nonappearance, the State was entitled to the $1000 he deposited and a judgment for the balance which "may be enforced and collected in the same manner as a judgment entered in a civil action." (Ill. Rev. Stat. 1973, ch. 38, par. 110—7(g).) Pike County became a judgment creditor of Limuel Dabbs on October 22, 1971, for the forfeiture of the $10,000 bond executed by Limuel on June 14, 1971. The State thereby was entitled not only to the $1000 deposited by Limuel, but also was a judgment creditor to the extent of $9000 for which an

execution was issued on October 22, 1971, and again on April 7, 1972, with no levy being made on either execution.

The subsequent and separate bail bond of May 5, 1972, was posted by Nellie Dabbs with Limuel contemporaneously giving her an assignment of any rights he had to those funds. The terms of that bail bond were satisfied. Section 110—7(f) of the Code of Criminal Procedure gives the clerk the right to keep 10% as cost and section 110—7(h) gives the clerk the right to retain any judgment that is entered for fines and court costs. (Ill. Rev. Stat. 1973, ch. 38, pars. 110—7(f), 110—7(h).) There is no statutory procedure for the assignment of a bail bond deposit, but, as petitioner notes, it is common practice, and most counties furnish printed forms such as were used here and recorded by the clerk. Section 110—7(f) states that upon performance of the bail bond, the balance shall be returned to the defendant "unless the court orders otherwise." In this case, the court ordered the balance of the deposits to be used to satisfy Limuel's obligation rather than returned to Nellie even though the court did not find that the filing of the second bail bond by Nellie or the assignment of it to her by Limuel was a subterfuge to protect Limuel's assets, had found, in fact, at the citation proceedings that Limuel had no assets, and, at the hearing on this petition, commented that the funds were apparently raised by the mother.

The State has a judgment against Limuel Dabbs who was found to have no assets. The bail bond posted in May 1972 was concededly provided by Nellie Dabbs and an assignment made to her by Limuel Dabbs. The terms of that bail bond were satisfied in August 1972, thereby entitling Nellie Dabbs to the balance of the deposit with interest after the 10% costs are deducted.

Reversed and remanded.

SMITH and TRAPP, JJ., concur.