THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID COX, Defendant.—(PAULINE WAGGONER *et al.*, Petitioners-Appellants.)

Third District   No. 76-319

Opinion filed April 4, 1977.—Rehearing denied June 14, 1977.

John A. Bernardi, of Bernardi & Ault, of Pekin, for appellants.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Tazewell County which denied the prayer of a petition filed by Pauline Waggoner and James Waggoner, hereinafter referred to as the petitioners. The petitioners were seeking the return of a cash bail deposit which had been posted by them on behalf of the defendant, David Cox.

The events which resulted in this appeal commenced when David R. Cox, the defendant, was charged with having committed two felonies, to-wit, attempt burglary and conspiracy to commit burglary. Bail for the defendant was set in the sum of $15,000 and the public defender was appointed to represent him. The defendant subsequently entered pleas of not guilty to the charges against him and his motion for reduction of bail was granted. The reduction was from the sum of $15,000 to the sum of $10,000.

On January 29, 1975, the defendant executed a bail bond before the clerk of the circuit court and deposited in cash the sum of $1,000, pursuant to the provisions of section 110—7 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 110—7). The cash security deposited pursuant to the terms of the aforementioned statute was obtained by the defendant

from his mother, one of the petitioners, namely Pauline Cox Waggoner. This petitioner received an assignment of this cash deposit of $1,000 from the defendant by virtue of completing a written form provided by the clerk's office. This assignment was subsequently released by the petitioner, Mrs. Waggoner, in order to induce private counsel to enter an appearance on behalf of her son. A second assignment of the cash deposit was then executed in favor of the newly employed private counsel.

When the defendant failed to appear for his scheduled court appearance on April 7, 1975, his bond was ordered forfeited and a warrant was issued for his arrest. New bail was set in the sum of $20,000 and a bail bond forfeiture hearing was set for May 9, 1975. On this latter date a forfeiture judgment in favor of the People and against the defendant was entered in the amount of $10,000. The clerk after deducting certain costs applied the balance of the posted bail, being the sum of $741.40, against the outstanding judgment as partial satisfaction of the same.

The defendant was apprehended and appeared in court on December 5, 1975. Upon proper showing of indigency the public defender was appointed to represent the defendant. On December 30, 1975, the defendant was again released from custody upon executing a second bail bond and depositing the cash sum of $2,000. This sum was obtained from both the petitioners, namely, his mother and her husband. This latter bond executed by the defendant was a standard bond form and provided that if he fulfilled the conditions of his bond, the recognizance would become null and void and he, the defendant, would be entitled to 90% of his cash deposit, less any judgment for a fine or court costs.

After a bench trial the defendant was found guilty of the offense of attempt burglary and was sentenced to a term of imprisonment in the penitentiary of not less than one nor more than three years. A judgment for costs was also entered by the trial court and the defendant surrendered himself to the sheriff in order to commence his term of imprisonment.

On April 6, 1976, the trial court pursuant to written motion of the People ordered the clerk to seize the cash remaining from the $2,000 bail deposit, less permissible statutory deductions, and ordered that the balance remaining be applied to the forfeiture judgment in the sum of $10,000 entered against the defendant on May 9, 1975. The exact amount remaining and to be so applied was in the sum of $1,735.60.

The sole question presented in this appeal is whether the petitioners are entitled to the return of 10% cash bail deposited by the defendant and which was subsequently applied by the circuit court as a partial satisfaction of the judgment previously entered against the defendant on May 9, 1975.

The petitioners in seeking recovery of the 10% bail deposit rely heavily on the case of *People v. Dabbs* (1974), 24 Ill. App. 3d 252, 321 N.E.2d 185. In *Dabbs* the reviewing court held that a mother who had deposited her money for bail bond for her son was entitled to balance of deposit after son had fulfilled conditions of bail bond and that such funds could not be ordered applied on a preexisting judgment against her son resulting from the forfeiture of a prior bail bond.

At first blush the case of *Dabbs* seems to be determinative of the question posed in the instant case; however, upon closer examination we conclude that the two cases cannot be equated. It should be noted that in *Dabbs* an assignment of the bail bond deposit was executed in favor of the mother, that the defendant was also a petitioner and that there was evidence in the record that the State's Attorney had indicated to the mother that if she made a bail bond deposit for her son such money would not be used to satisfy in whole or in part a prior bond forfeiture judgment against her son. Further, in *Dabbs* receipts for the bail bond deposit provided by the mother were issued to the mother and not to the defendant. See *People v. Dabbs* (1974), 24 Ill. App. 3d 252, 321 N.E.2d 185.) None of the factors which we deem to be of significance are present in the instant case.

Petitioners in their reply brief also cite as authority in support of their contention the case of *People v. Valdery* (1976), 41 Ill. App. 3d 201, 354 N.E.2d 7. The *Valdery* case deals with the question as to whether or not a defendant is nonindigent and thus not eligible for court appointed counsel if he is able to personally or with the help of others post a requisite cash bail bond deposit. We do not find the *Valdery* case to be of any assistance in this appeal as far as precedental value is concerned.

This court in a case similar to the instant case denied bail bond recovery by a third party. (See *People v. Lowder* (1974), 21 Ill. App. 3d 985, 316 N.E.2d 159.) In a case devoid of the distinguishing factors such as were present in the case of *People v. Dabbs* (1974), 24 Ill. App. 3d 252, 321 N.E.2d 185, we are of the opinion that petitioners such as those in the instant case have no standing to recover a bail bond deposit, but that the same can be applied towards satisfaction of a prior bond forfeiture judgment which has been entered against a defendant. Subsequent to the oral argument of this case a petition was filed by the People asking for authority to cite the case of *People v. Nicholls* (1977), 45 Ill. App. 3d 312, 319, 359 N.E.2d 1095, in support of their position that the petitioners were not entitled to a return of the bail bond deposit in the instant case. Leave to file additional authority was granted and we note that in the case of *Nicholls* the reviewing court stated as follows:

" * * * [E]ven though the 10% deposit was made on behalf of an accused by a relative or friend; the deposit is presumed to be

502

posted by the accused. (*People v. Lowder* (1974), 21 Ill. App. 3d 985, 316 N.E.2d 159; see Annot., 92 A.L.R.2d 1084 (1963).)" 45 Ill. App. 3d 312, 319.

For the reasons set forth the order of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL, P. J., and BARRY, J., concur.