THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICKY LEE MITCHANER, Defendant-Appellee.
Fourth District   Nos. 14907, 14908 cons.

Opinion filed November 2, 1978.

Thomas J. Difanis, State's Attorney, of Urbana (Mark D. Lipton, Assistant State's Attorney, and James Knippen, law student, of counsel), for the People.

John Lawless, of Champaign, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged by information filed in the circuit court of Champaign County with armed robbery, aggravated battery, armed violence, burglary, and theft over $150. The defendant was released from custody on September 23, 1977, after posting bond. He entered a plea of guilty to armed robbery and burglary on December 2, 1977, but remained free on bond pending his sentencing hearing.

When the defendant failed to appear at the sentencing hearing on January 6, 1978, the court granted the State's motion for bond forfeiture and a warrant. A hearing on the bond forfeiture order was set for February 14, 1978.

On January 24, 1978, the defendant filed a petition requesting the court to vacate the bond forfeiture order and in support of his position stated that he was "incarcerated in the Champaign County Jail; that he has been returned to the jurisdiction of the Champaign County Sheriff; and that the purpose for which the bond was posted no longer exists."

The trial court reserved ruling on the defendant's petition at the February 14, 1978, hearing, but on March 3, 1978, entered an order granting the petition, vacating the bond forfeiture and dismissing the defendant's bond. The court entered an order allowing the State's motion for stay of judgment pending this appeal.

In its appeal the State contends that the trial court erred in its ruling on the defendant's petition.

The applicable statute reads:

"(g) If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State * * *." Ill. Rev. Stat. 1977, ch. 38, par. 110—7(g).

The State argues that since the defendant was apprehended in Florida

pursuant to the warrant issued on January 6, 1978, by the trial court, and was returned to custody in Champaign County, his petition filed on January 24, 1978, did not constitute an appearance and surrender as contemplated by the statute.

■■ In *People v. Lowder* (1974), 21 Ill. App. 3d 985, 316 N.E.2d 159, the court noted that a bail bond serves as a deterrent to flight and if a defendant does indeed flee, then the bond is forfeited. However, under the terms of the statute, the defendant must absent himself for more than 30 days before the State takes judgment. When the defendant is brought to the court by police within 30 days, he has appeared and surrendered within the meaning of the statute. The statute directly states that the judgment on the defendant's bond may only be entered after the 30 days have passed, and the defendant has until the 30th day to appear and surrender.

■■ Section 110—7(g) grants a 30-day grace period permitting a revocation of forfeiture irrespective of the circumstances under which the defendant appears and surrenders. Such is the clear language of the statute.

The legislature has recognized pecuniary loss as a deterrent to flight. The policy behind, and the ultimate purpose for, setting bond is to assure the appearance of the accused at trial. Where, as here, that appearance is certain, no purpose is served by a bond forfeiture.

Affirmed.

REARDON and TRAPP, JJ., concur.