THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK C. DOUGLAS, Defendant-Appellant.

Fifth District   No. 78-107

Opinion filed June 7, 1979.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

On February 8, 1978, the defendant failed to appear for his scheduled

jury trial on three traffic offenses. That same day, the trial court issued a warrant for the defendant's arrest and ordered that his bail be forfeited; the defendant was arrested a few hours after issuance of the warrant.

Two weeks later, a hearing was held on the trial court's order for rule to show cause why the defendant should not be held in contempt of court for his failure to appear at trial. The State's case consisted solely of representations made by the State's Attorney, the truth of which was judicially noticed by the trial court, that the defendant had failed to appear. No witnesses testified on behalf of the State. The defendant took the stand and testified that he had arranged for a ride to court (some 37 miles from his home), but the man who was supposed to give him a ride failed to secure him a ride, he attempted to hitchhike. He was unable, however, to get to court on time, and eventually gave up hitchhiking and started for home, where he was arrested.

The court found the defendant in indirect criminal contempt of court, ordered that his bond be forfeited, and sentenced him to 40 days in the county jail. In making its ruling, the trial court referred to the defendant's failure to call any witnesses to corroborate his own testimony and referred to the fact that "we have had a little bit of problem with you in the past as far as getting here on time."

On appeal, the defendant contends that the State failed to prove beyond a reasonable doubt that his failure to appear on time for his trial was wilful, and that his conviction was improperly based on evidence *de hors* the record within the personal knowledge of the trial judge.

■■ ■ Only conduct performed wilfully can constitute indirect criminal contempt. (*People v. Witherspoon* (1st Dist. 1977), 52 Ill. App. 3d 151, 367 N.E.2d 313, and cases cited therein.) We agree with the defendant that the evidence here does not prove beyond a reasonable doubt that his failure to appear was wilful. Although a contemptuous state of mind may often be inferred from the contemptuous act itself (*People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 364 N.E.2d 50), the facts related by the State's Attorney in the instant case, of which the court took judicial notice, are wholly insufficient to sustain such an inference. As in *Witherspoon*, the evidence proves at most that the defendant acted negligently, or used poor judgment; but a negligent act is not a wilful act. Nor could the trial judge's personal knowledge of the defendant's prior problems in appearing in court properly aid the State in meeting its burden of proof.

One other issue remains for our resolution. The defendant's bail on the traffic offenses was set at $5,000. The defendant was released from custody after depositing with the clerk of the court a sum of money equal to 10 percent of the bail, that is, $500. On February 8, the same day that the defendant failed to appear for trial, the court ordered that the defendant's bail be forfeited. Subsequent written orders entered on

February 16 and February 22 likewise stated that the defendant's bail was forfeited.

Section 110—7(g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 110—7(g)) precludes judgment on a bond forfeiture if the defendant appears and surrenders within 30 days of entry of an order declaring forfeiture. This grace period applies irrespective of the circumstances under which the defendant appears and surrenders. (*People v. Mitchaner* (4th Dist. 1978), 65 Ill. App. 3d 338, 382 N.E.2d 687.) Here, the defendant was in custody within hours of entry of the bond forfeiture order. Therefore, as the court concluded in *Mitchaner*, no purpose was served by the forfeiture.

■■ For the foregoing reasons, the judgment of the Circuit Court of Randolph County finding the defendant guilty of indirect criminal contempt is reversed, and the cause is remanded to that court with instructions that the order forfeiting bail be vacated.

Reversed and remanded with directions.

G. MORAN, P.J., and JONES, J., concur.