THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID WURSTER *et al.*, Defendants-Appellants.

Third District    No. 80-614

Opinion filed June 17, 1981.

Michael A. Fleming, of Peoria, for appellants.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendants David and Linda Wurster were convicted of theft by deception (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(b)) following a jury trial in Tazewell County. Specifically, they were convicted of obtaining $21,199.20 in workmen's compensation benefits from Caterpillar Tractor Company by falsely representing that David Wurster's back injuries were suffered at work. The defendant's convictions and sentences were affirmed on appeal. *People v. Wurster* (1980), 83 Ill. App. 3d 399, 403 N.E.2d 1306.

Following their unsuccessful appeal, the defendants moved for return of their respective appeal bonds, David's in the amount of $2,000 and Linda's in the amount of $500. After a hearing, the trial judge denied their motion and ordered their bonds paid to Caterpillar in partial satisfaction of the restitution orders imposed on the defendants at sentencing.

In this appeal the defendants challenge the trial judge's order and ask that their appeal bonds be returned to them. To facilitate review of this issue, as well as issues raised by the State, the following chronology of events is given:

| | |
|---|---|
| October 1978 | Defendants' jury trial and conviction of theft by deception; |
| November 18, 1978 | David Wurster files for bankruptcy; |
| January 5, 1979 | David sentenced to two to six years imprisonment and ordered to pay restitution to Caterpillar in the amount of $21,199.20; |
| January 8, 1979 | David posts appeal bond in the amount of $2,000; |
| January 9, 1979 | David discharged in bankruptcy; |
| February 2, 1979 | Linda sentenced to four years probation and ordered to pay restitution to Caterpillar to the best of her ability to pay; |
| February 16, 1979 | Caterpillar files a claim against David's appeal bond; |
| March 9, 1979 | Linda posts appeal bond in the amount of $500; |
| March 13, 1979 | Caterpillar files a claim against Linda's appeal bond; |
| May 14, 1979 | Linda and David assign their appeal bonds to Daniel Hardy, their attorney during trial; |
| October 14, 1980 | Following their unsuccessful appeal, the defendants move to have their appeal bonds returned to them; |
| October 20, 1980 | Following a hearing, the defendant's motion is denied. |
| November 17, 1980 | The instant appeal is taken. |

As the chronology indicates, both defendants executed assignments of their respective appeal bonds to Daniel Hardy on May 14, 1979. The State contends that these assignments operate to deny the defendants' standing to maintain the instant appeal or, in the alternative, render the entire matter moot. Because these contentions are raised for the first time on appeal, they have been waived, according to the defendants.

Defendant David Wurster contends that the trial judge erred in ordering that his $2,000 appeal bond be paid to Caterpillar as partial restitution, since he had been discharged in bankruptcy prior to the date Caterpillar filed a claim against his bond. Co-defendant Linda Wurster argues that the trial judge abused his discretion in ordering that her $500 appeal bond be applied to her obligation to pay restitution to Caterpillar when that obligation was conditioned on her ability to pay, and she was indigent at the time the order was issued.

Some of the questions presented in this appeal appear to be novel ones, for which no clear precedent exists under Illinois law. However,

before this court can address those questions, we must turn our attention to a matter raised by the State. That matter is the effect of the assignments executed by Linda and David Wurster to Daniel Hardy on May 14, 1979, on the question of who is entitled to the $2,500 in appeal bond money.

■■ It is axiomatic under Illinois law that when a valid assignment is effected, the assignee acquires all of the interest of the assignor in the property that is transferred and stands in the shoes of the assignor. The assignor no longer has any rights in the property assigned. *Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 349 N.E.2d 599.

If the assignments in the instant case are given like effect, the result is that neither party to this appeal, neither the State nor the defendants, nor Caterpillar, to whom the bond money was ordered paid, are entitled to the funds. Rather, if the assignments are given effect, it is the interest and property of Daniel Hardy, who is not a party to the present appeal, which is at stake.

■■ The practice of assigning bail bond deposits, less costs, to an attorney in a criminal case to assure the attorney's collection of fees is well recognized in this State. (See *People v. Cox* (1977), 48 Ill. App. 3d 499, 363 N.E.2d 389; and *People v. Dabbs* (1974), 24 Ill. App. 3d 252, 321 N.E.2d 185.) The assignments in the case at bar are representative of this practice and their effect must be considered. Furthermore, the assignee, Daniel Hardy, must be represented in this cause to protect his interests.

Likewise Caterpillar Tractor Company, to whom the appeal bond money was awarded by the trial court, is so situated as to be adversely affected by any subsequent change in the distribution or other disposition of the funds. For these reasons, we determine that both Daniel Hardy and Caterpillar may intervene as of right in the new hearing to be held pursuant to this opinion. Ill. Rev. Stat. 1979, ch. 110, par. 26.1(1)(c).

Accordingly, we remand this cause to the Circuit Court of Tazewell County for a new hearing on the proper disposition of the appeal bonds filed by defendants David and Linda Wurster and subsequently assigned to Daniel Hardy. At the hearing to be held pursuant to this directive, Daniel Hardy and Caterpillar Tractor Company shall be accorded the right to intervene. The effect of the assignment of the bonds to Daniel Hardy shall be considered in determining the rights of all interested parties to the disputed funds.

Order vacated and cause remanded with directions.

ALLOY and BARRY, JJ., concur.