THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGER D. DALE, Defendant (Theodore Van Winkle, Appellant).

Fifth District    No. 5—84—0761

Opinion filed July 3, 1985.

16

WELCH, J., dissenting.

James Van Winkle, of Van Winkle & Van Winkle, of McLeansboro, for appellant.

David W. Hauptman, State's Attorney, of Harrisburg (Kenneth Boyle, Stephen E. Norris, and Raymond F. Buckley, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Theodore Van Winkle, an attorney, appeals from that portion of a judgment of the circuit court of Saline County which held that a bail deposit made by Roger Dale, defendant in the underlying criminal case, should be applied to payment of a fine levied against Dale, and not toward payment of attorney fees owed to Van Winkle for his representation of Dale. For the reasons which follow, we affirm.

The record reveals that on February 22, 1984, Dale was charged with one count of unlawful delivery of a controlled substance (cocaine) and one count of unlawful use of weapons. On March 13, 1984, Dale posted bail in the amount of $15,000, and signed a document entitled "BAIL BOND FOR APPEARANCE OF DEFENDANT WITH DEPOSIT OF CASH BAIL SECURITY." This document provides, in pertinent part:

"If said defendant shall comply with the conditions of his bail above set forth, this recognizance shall become null and void and said defendant shall be entitled to the return of 90% of said deposit, the remaining 10% of said deposit to be retained

by the Clerk of this Court as bail bond costs; provided, however, *that in the event a judgment is entered against said defendant for a fine and/or court costs, the balance of such deposit, after deduction of bail bond costs, shall be applied to the payment of said fine and/or court costs.* If said defendant shall fail to comply with said conditions of his bail, this bail bond shall remain in full force and effect and said defendant shall be liable for forfeiture thereon." (Emphasis added.)

After being charged with additional offenses, Dale posted an additional $5,000 bail, and signed another document containing language identical to that quoted here.

On June 25, 1984, the date Dale's jury trial began, Dale executed the following assignment to Van Winkle:

"The undersigned hereby assigns to Theodore Van Winkle, Attorney at Law, McLeansboro, Illinois, sufficient part and portion of the deposit for the bill [*sic*] for the undersigned in the entitled cause to pay Theodore Van Winkle attorney fees, costs, and advances made by Theodore Van Winkle in representing the undersigned in the Circuit Court of Saline County, Illinois.

Dated this 25th day of June, 1984.

/s/ Roger D. Dale."

Dale was found guilty of all of the charges against him, and was sentenced to various concurrent terms of imprisonment. He was also fined $139,200 pursuant to section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1), which provides that, in cases where a defendant has been convicted of an offense involving possession or delivery of a controlled substance, "a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized." The court also ruled that part of the fine would be satisfied from the bail deposits, and that the fine took precedence over Van Winkle's attorney fees insofar as application of the bail money was concerned.

■■ ■ On appeal, Van Winkle reasserts that Dale's bail deposits should have been used to pay the attorney fees owed him, and not toward payment of Dale's fine. We disagree. While Dale executed the previously quoted assignment to Van Winkle, it is axiomatic that, when a valid assignment is effected, the assignee acquires all of the interest in the property that is transferred, and stands in the shoes of the assignor. (*People v. Kleba* (1982), 110 Ill. App. 3d 345, 366, 442 N.E.2d 605.) Under the unambiguous terms of the bail bond agreements involved here, Dale's bail deposit was to be applied to the pay-

ment of, among other things, any fine levied against him. Thus, Van Winkle, as assignee of Dale's interest in the bond, acquired only the interest which Dale could convey; namely, the right to return of the bail deposit to the extent that the deposit exceeded costs, fines, and the amount retained by the clerk of the circuit court. Accordingly, since the fine levied exceeded the amount of the deposit, the trial court correctly concluded that Van Winkle could not collect his fees out of the deposit. The cases cited by Van Winkle do not support a contrary result, as neither *People v. Wurster* (1981), 97 Ill. App. 3d 104, 442 N.E.2d 650, nor *People v. Kleba* (1982), 110 Ill. App. 3d 345, 442 N.E.2d 605, involves the question of whether the rights of the assignee of a bail deposit are governed by the terms contained in the underlying bail agreement executed by the defendant in the criminal case. *People v. Maya* (1985), 105 Ill. 2d 281, 473 N.E.2d 1287, also relied on by defendant, is not on point, as *Maya* involved the construction of a specific statutory provision concerning payment of attorney fees from the bond money of a defendant tried *in absentia*. (105 Ill. 2d 281, 284-85.) Lastly with respect to this issue, we note that section 110—7 of the Code of Criminal Procedure of 1963 supports the result reached here, as it specifically provides that a defendant's bail bond deposit shall, after deduction of bail bond costs, be applied to the payment of any judgment for a fine and/or court costs entered against the defendant. (Ill. Rev. Stat. 1983, ch. 38, par. 110—7(h).) Moreover, the provision of the Code allowing the court to pay a defendant's bail deposit to the defendant's attorney permits payment only of "whatever amount [is] repayable to defendant from such deposit." (Ill. Rev. Stat. 1983, ch. 38, par. 110—7(f).) Had the legislature wished for attorney fees to take precedence over fines and court costs in the distribution of bail deposit money, it could easily have said so, and these statutes reveal no such intent.

■ In an additional argument, Van Winkle asserts that section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1) is unconstitutional, and that Dale's fine must therefore be vacated. Section 5—9—1.1 provides:

"When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance as defined in the Cannabis Control Act, or the Illinois Controlled Substance Act, as amended, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized.

'Street value' shall be determined by the court on the basis

of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the cannabis or controlled substance seized."

Van Winkle attacks the statute on two grounds: (1) that it unreasonably limits those qualified to testify as to the "street value" of the drugs seized, and (2) that the term "street value" is unconstitutionally vague. The first prong of attack is without merit, as it is based upon a misreading of the statute. Contrary to Van Winkle's assertions, the statute does not provide that only law enforcement personnel and the defendant may testify as to the street value of the drugs taken; rather, the statute only provides that these individuals may testify as to the amount of drugs seized. Indeed, the statute is specific in providing, without restriction, that the court shall hear "such testimony as may be required" to determine the "street value" of the drugs, and this aspect of the attack on the statute must thus fail. As to the claim that the term "street value" is void for vagueness, this argument was not made in the trial court, and is waived for purposes of review. (*People v. Amerman* (1971), 50 Ill. 2d 196, 197, 379 N.E.2d 353.) We note parenthetically that the constitutionality of the statute in question has been previously upheld. *People v. Ruff* (1983), 115 Ill. App. 3d 691, 450 N.E.2d 1369 (statute does not offend due process).

For the reasons given, the judgment is affirmed.

Affirmed.

KARNS, J., concurs.

JUSTICE WELCH, dissenting:

I am of the opinion that defendant's bail deposit should have been applied to pay his trial defense attorney prior to the satisfaction of the fine imposed. Therefore, I respectfully dissent.

The majority, in reaching the contrary result, relies primarily upon the wording of the two identically worded documents signed by defendant in conjunction with his posting of bail. I cannot view those documents as binding agreements regarding the priority of fines over trial defense counsel fees. The "agreements" do not expressly refer to attorney fees, and thus are at most ambiguous on the subject. An instrument is to be construed most strongly against its author. (*Cedar Park Cemetery Association, Inc. v. Village of Calumet Park* (1947), 398 Ill. 324, 333, 75 N.E.2d 874, 879.) Even assuming that the "agreements" should be construed as the majority here suggests,

these "agreements" were no more than adhesion contracts, as it cannot be credibly asserted that Dale was in a position to negotiate as to any of the terms of his physical release pending trial. (See *Eisele v. Ayers* (1978), 63 Ill. App. 3d 1039, 1046, 381 N.E.2d 21, 27; *Star Finance Corp. v. McGee* (1975), 27 Ill. App. 3d 421, 426, 326 N.E.2d 518, 522.) Further, while it is true that Van Winkle, as Dale's assignee, acquired only the interest that Dale could convey, Van Winkle's status as assignee was known to the State and the court, which have in essence tricked Van Winkle into providing *pro bono* representation. The practice of assigning bail bond deposits, less costs, to an attorney in a criminal case to assure the attorney's collection of fees is well recognized in Illinois. (*People v. Wurster* (1981), 97 Ill. App. 3d 104, 106, 422 N.E.2d 650, 652; *People v. Maya* (1985), 105 Ill. 2d 281, 286, 473 N.E.2d 1287, 1289; *People v. Kleba* (1982), 110 Ill. App. 3d 345, 366, 442 N.E.2d 605, 620.) Van Winkle has fulfilled his contractual obligation to Dale by representing him at trial. (See *People v. Kleba* (1982), 110 Ill. App. 3d 345, 367, 442 N.E.2d 605, 620.) The State should now be deemed estopped to contend that the bail deposit assignment to Van Winkle is ineffective, the State having failed to assert its position until Van Winkle had executed his part of the agreement with the State's knowledge thereof. (See *Greer v. Carter Oil Co.* (1940), 373 Ill. 168, 177, 25 N.E.2d 805, 809-10.) Van Winkle is entitled to his agreed compensation, which is not suggested to be unreasonable, before payment of the fine, which is punishment only and "compensates" no one. See *People ex rel. Doss v. Doss* (1975), 35 Ill. App. 3d 365, 368, 342 N.E.2d 60, 63.

The majority also notes that neither *People v. Wurster* nor *People v. Kleba* supports a contrary result. In *People v. Kleba,* this court rejected the defendant's argument that the trial court had no authority to refund his bail deposit to his attorney, to whom the defendant had previously assigned that sum, since the defendant had not requested that the court do so. "For this court to allow defendant to repudiate his legal assignment of the bail bond would be to sanction a blatant attempt on defendant's part to breach a fully executed contract with [trial defense counsel]." (110 Ill. App. 3d 345, 367, 442 N.E.2d 605, 620.) I am unable to view the result reached here as less reprehensible than the relief sought by the defendant and expressly decried in *People v. Kleba.*

I do not find support for according fines priority over an assignment for the benefit of trial defense counsel in section 110—7 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, par. 110—7.) Section 110—7(f) neither expressly states nor obviously im-

plies such a view. Section 110—7(f) does permit paying the bail deposit refund to the defendant's attorney of record. Lack of more detailed legislative guidance on the matter of priorities is not surprising, since the purpose of bail is merely to ensure a defendant's presence at trial. (*People v. Maya* (1983), 119 Ill. App. 3d 961, 963, 457 N.E.2d 501, 503, *aff'd* (1985), 105 Ill. 2d 281, 288, 473 N.E.2d 1287, 1289.) As noted above, the practice of assigning bail bond deposits to an attorney in a criminal case to assure the attorney's collection of fees is well recognized in Illinois.

The decision announced in the majority opinion in the instant case raises grave policy considerations not to be lightly disregarded. Access to counsel in a criminal case and the means to pay therefor are matters of serious concern in our society today. What is defense counsel to do, in light of the instant decision, to ensure payment of his fee? Perhaps criminal defense counsel should surrender his client prior to trial, accept refund of the deposit, take his fee, and then proceed to trial. It is unlikely that this subterfuge would be acceptable to the accused, his counsel, or the court. The more likely and prudent course would be for the experienced criminal defense practitioners, the ones whose skill, experience and reputation permits them to pick and choose, to refuse any defense except for full cash payment in advance, in the future leaving cases such as the one at bar for the new practitioner willing to take the risk of no payment, or for the already overburdened public defenders. In the latter case, of course, the financial burden is thrust back upon the State, despite the defendant's ability to pay counsel from his bail deposit. I believe that section 110—7(f) could and should be construed so as to avoid such a sorry result.

For the foregoing reasons, I would reverse the judgment of the circuit court and remand for further proceedings regarding Van Winkle's fee. Accordingly, I dissent.