NOTICE

Decision filed 04/22/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230699-U

NO. 5-23-0699

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| FUEL PERFORMANCE SOLUTIONS, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 15-P-334 |
| | ) | |
| THE ESTATE OF REX CARR, Deceased, | ) | Honorable |
| | ) | Thomas B. Cannady, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the granting of the Estate's motion for judgment on the pleadings, where FPS made a valid assignment of its claim to the assignees. We remand for a new hearing to accord assignees the right to intervene and adjudicate the validity of the assigned claims.

¶ 2    Appellant, Fuel Performance Solutions, Inc. (FPS), appeals from the August 21, 2023, order of the St. Clair County circuit court denying FPS's motion to reconsider the court's order granting the appellee's, the Estate of Rex Carr (Estate), motion for judgment on the pleadings. FPS contends that (1) a motion for judgment on the pleadings is not applicable for a claim on an estate, (2) the pleadings disclose genuine issues of material fact, and (3) if an assignment was made, then the assignees are entitled to a valid claim against the Estate. For the following reasons, we affirm.

1

¶ 3                                         I. Background

¶ 4      We limit our recitation to those facts relevant to our disposition of this appeal. We recite additional facts in the analysis section as necessary to address FPS's specific arguments.

¶ 5      On December 10, 2007, the decedent, Rex Carr, and FPS[1] entered into an agreement, wherein Carr committed to invest up to $1 million in FPS in exchange for shares of restricted common stock. The agreement allowed FPS to elect to draw from the commitment up to the aggregate amount of $1 million. Over time, FPS drew approximately $500,000 from the commitment in exchange for restricted common stock. On April 27, 2015, Carr died testate. On May 14, 2015, Glenn Carr, Rex Carr's son and independent executor of the Estate, admitted Carr's will to probate.

¶ 6      On July 30, 2015, FPS filed a claim against the Estate, pursuant to the Probate Act of 1975 (755 ILCS 5/18-12 (West 2012)), for payment in the amount of $500,000.[2] On October 27, 2020, the Estate filed a motion for summary judgment regarding FPS's claim. On April 13, 2021, the circuit court denied the Estate's motion for summary judgment finding that disputed issues of material fact remained. The record indicates that multiple continuances occurred throughout 2021 and 2022. In October 2022, during an attempted mediation between the parties, FPS informed the Estate that there were additional parties to add to the claim. On October 26, 2022, the circuit court continued the case to allow FPS to add additional parties.

¶ 7      On December 12, 2022, the Estate filed a demand for a bill of particulars on FPS. On January 11, 2023, the Estate filed a motion to dismiss, arguing that FPS never attempted to add additional parties before October 26, 2022. That same day, FPS filed a "Request to Add Additional

---

[1]Carr initially entered into the agreement with FPS's predecessor, International Fuel Technology, Inc.

[2]On August 17, 2015, FPS amended its claim to $650,000. However, FPS dismissed the claim for the additional $150,000 on January 19, 2021, following an agreement between the parties.

Parties/Enjoin Additional Parties as Claimant," which stated, in part, as follows:

> "1. That Counsel of record learned on or about October 26, 2022, that Fuel Performance Solutions had assigned its Probate Claim to third parties as follows:
>> a. In July of 2016, Fuel Performance Solutions assigned $300,000 of [its] claim to Steven W. Lefkowitz, Gary A Gelb[f]ish, and Lane Deyoe;
>> b. In August of 2016, Fuel Performance assigned $150,00[0] of its claim to Walter Schenker; and
>> c. In December of 2016, Fuel Performance assigned $150,000 of its claim to Steven W. Lefkowitz, Gary A Gelb[f]ish, and Lane Deyoe."

¶ 8 On January 30, 2023, FPS filed its "Response to the Estate's Demand for Particulars." FPS, again, identified four individuals (Lefkowitz, Gelbfish, Deyoe, and Schenker) that FPS claimed as assignees or additional parties and also stated in "Response to #2" that FPS "has assigned its entire Claim with the Court as collateral to the parties listed." At an off-the-record pretrial hearing held that same day, counsel for FPS purportedly said that FPS "assigned all of our interest" to Lefkowitz, Gelbfish, Deyoe, and Schenker. The circuit court scheduled a hearing on the Estate's motion to dismiss for February 22, 2023, and also invited the Estate to file a motion for judgment on the pleadings, which the Estate filed on February 3, 2023. The Estate's motion for judgment on the pleadings stated the following:

> "Now comes Glenn Carr, Executor of the Estate of Rex Carr, deceased, by his undersigned counsel, pursuant to 735 ILCS 5/2-615(e), and states to the Court:
>
> 1. Decedent Rex Carr died on April 27, 2015.
>
> 2. Before the Court is the Amended Claim brought by Fuel Performance Solutions, Inc. (FPS) in the current sum of $500,000.00.
>
> 3. The pleadings filed in this case make clear that FPS has no claim remaining in this case and that Judgment should therefore be immediately entered in favor of the Estate.
>
> 4. Specifically, FPS's attorney in open court, in the Response to the Estate's Motion to Dismiss, in the Claimant's Request to Add Additional Parties, and in the Response to the Estate's Demand for Particulars (filed herewith as Exhibit 1) has represented that FPS has assigned its entire Claim to certain

3

named individuals who are not parties to this matter, and who have never filed a claim in this Estate.

5. The deadline for filing claims in this Estate expired on or about January 15, 2016, and no action has been taken by the aforesaid third parties since their existence was made known to the court on October 26, 2022.

6. 735 ILCS 5/2-615(e) provides that '[A]ny party may seasonably move for judgment on the pleadings.[']

Wherefore, the undersigned respectfully move[s] the Court to enter Judgment in favor of the Estate of Rex Carr, dec., on the Amended Claim of Fuel Performance Solutions, Inc."

¶ 9    On February 10, 2023, FPS filed several documents with the circuit court. First, FPS filed a response to the Estate's motion to dismiss indicating that it filed the names of the additional parties (Lefkowitz, Gelbfish, Deyoe, and Schenker). Second, FPS filed a motion titled, "Request to Add Additional Parties," which essentially mirrored FPS's original motion titled, "Request to Add Additional Parties/Enjoin Additional Parties as Claimant." Third, FPS filed an "Amended Response to the Estate's Demand for Particulars." The amended "Response to #2" stated "[t]hat [FPS] has agreed to designate to the Additional Named Parties named in [Response to] #2 above those amounts set forth in the Subordinated Notes attached." FPS subsequently attached the subordinated notes, which showed the assigned amount between FPS and the specified four individuals—Lefkowitz, Gelbfish, Deyoe, and Schenker. Moreover, FPS indicated that section three of the subordinated notes between FPS and Lefkowitz, Gelbfish, and Schenker stated: "Collateral. The Company hereby assigns $50,000 of its valid claim against the Rex Carr Estate to the Holder as collateral for the Holder's investment." Another subordinated note indicated that FPS assigned $100,000 to Deyoe.

¶ 10    On February 13, 2023, FPS filed its response to the Estate's motion for judgment on the pleadings. FPS contended that "no pleading before the Court *** states [that FPS] assigned all of

4

[its] interest in their Claim against the Estate" and that counsel for FPS "was mistaken" when he stated off the record that "[FPS] assigned all of [its] claim" at the pretrial hearing on January 30, 2023.

¶ 11    On February 22, 2023, the circuit court held a hearing on the Estate's motion for judgment on the pleadings. FPS, again, asserted that FPS's counsel mistakenly stated that FPS assigned all of its interest. FPS further contended that the use of word "assign" in the notes also means "allocate" and should be interpreted as an "allocation of dollar[s] based on a valid claim being granted versus actually assigning the actual claim to each one of the parties." The court inquired whether the investors (Lefkowitz, Gelbfish, Deyoe, and Schenker) themselves filed claims, stating, "How do you get around filing a claim after the deadline for filing claims in this estate?" FPS replied that it timely filed its original claim and that it would pay the proceeds of its claim from the Estate to the investors. The Estate argued that FPS assigned its entire claim to the four third-party investors and that the investors failed to enter their appearance or make a claim on the Estate.

¶ 12    The circuit court indicated that it relied upon the pleadings FPS filed subsequent to January 31, 2023, and found that "[b]y [FPS's] own pleadings, there was an assignment of [$]300,000 in July of 2016, an assignment of another [$]150,000 *** in August of 2016, and then in December of 2016 another assignment of [$]150,000." The court refused "to play a word game with [FPS's] counsel," finding that FPS assigned its claims to the Estate and, therefore, FPS "no longer ha[d] a right to pursue a claim." As such, the court determined that the "proper parties should be the assignees as set forth in the pleading of 2/10/2023." The court granted the Estate's motion for judgment on the pleadings.

¶ 13    On March 23, 2023, FPS filed a motion to reconsider, arguing that a material issue of fact existed, namely that FPS "merely assigned an amount of money it may recover on its claim against

the Estate," but FPS did not make an actual assignment of the claim itself. On August 21, 2023, the circuit court held a hearing on FPS's motion to reconsider. FPS argued that a question existed as to whether "an assignment of the claim or an assignment of an interest in the claim" took place. FPS confirmed that none of the assignees entered their appearance. In response, the court stated that the "transcript is full of representations that there were assignments." FPS's counsel replied that "assignment[s] of the dollar amounts for the value of the claim," which was "nothing more than collateral for a loan." FPS denied that an actual assignment of the claim occurred. The court denied FPS's motion to reconsider, indicating that it "heard nothing today that is any different than what I heard on 2/22/2023." FPS timely appealed.

¶ 14                                     II. Analysis

¶ 15     On appeal, FPS argues that (1) a motion for judgment on the pleadings is not applicable for a claim on an estate, (2) the pleadings disclose genuine issues of material fact, and (3) if an assignment was made, then the assignees are entitled to a valid claim against the Estate. The Estate responds and contends that (1) a motion for judgment on the pleadings is proper and was invited by the circuit court, (2) no genuine issue of material fact exist, given FPS stated throughout its pleadings that it assigned its interest, and (3) the assignees never filed their own claim and are thus time-barred.

¶ 16     First, FPS claims that a section 2-615(e) motion for judgment on the pleadings is not applicable to the adjudication of a claim against an estate. 735 ILCS 5/2-615(e) (West 2020); *In re Estate of Krpan*, 2013 IL App (2d) 121424, ¶ 20. FPS independently, without argument by the Estate, asserts for the first time in its reply brief that it did not raise or preserve this issue for appeal. Where FPS did not object to the section 2-615 motion and failed to properly raise the issue for appeal, we decline to exercise our discretion to review this forfeited issue. *Krpan*, 2013 IL App

(2d) 121424, ¶¶ 21-25; *In re Estate of Wagler*, 217 Ill. App. 3d 526, 529-31 (1991) (where no party objected, the court considered the merits of a procedurally improper motion).

¶ 17    Next, FPS argues that the circuit court erred in granting the Estate's motion for judgment on the pleadings, where genuine issues of material fact exist, including whether FPS timely filed a claim and assigned its claim. Specifically, FPS argues that it assigned "money interests" in the claim, but not the claim itself. The Estate rebuts FPS's argument, asserting that the pleadings plainly support that FPS assigned its claim.

¶ 18    Any party may move for a judgment on the pleadings. 735 ILCS 5/2-615(e) (West 2020). A judgment on the pleadings is similar to a motion for summary judgment but limited to pleadings, and a judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Strowmatt v. Sentry Insurance*, 2020 IL App (5th) 190537, ¶ 15. All well-pleaded facts and reasonable inferences from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record are taken as true. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). A judgment on the pleadings is improper if the pleadings put into issue one or more material facts. *Strowmatt*, 2020 IL App (5th) 190537, ¶ 15. We review a circuit court's order granting or denying a motion for judgment on the pleadings *de novo*. *Allstate Property & Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 16.

¶ 19    "As a general rule, '[a]n assignment *** is the transfer of some identifiable property, claim or right from the assignor to the assignee.' " *A.J. Maggio Co. v. Willis*, 316 Ill. App. 3d 1043, 1047 (2000) (quoting *Buck v. Illinois National Bank & Trust Co.*, 79 Ill. App. 2d 101, 106 (1967)). The assignment transfers to the assignee all the right, title, or interest of the assignor in the thing assigned, such that the assignee "stands in the shoes" of the assignor. *Otto Baum Co. v. Sud Family*

7

*Ltd. Partnership*, 2020 IL App (3d) 190054, ¶ 36. "A valid assignment, therefore, need only to assign or transfer the whole or a part of some particular thing, debt, or chose in action and it must describe the subject matter of the assignment with sufficient particularity to render it capable of identification." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 616 (1987).

¶ 20 Based upon a thorough review of the pleadings and record, we find that a valid assignment occurred. Throughout its pleadings, FPS repeatedly stated that it "assigned its Probate Claim" and "assigned its entire Claim." Also, in its subordinated notes to the assignees, FPS stated that it "assigns" the valid claim against the Estate to the assignees in amounts totaling over the entirety of FPS's claim. FPS attempts to evade its actions constituting an assignment by variously referring to the assignment as merely a "designation" or "allocation." However, we agree with the circuit court that the pleadings are full of representations that assignments were made to Lefkowitz, Gelbfish, Deyoe, and Schenker, and that FPS's "word games" cannot change this fact.

¶ 21 The parties both focus on counsel for FPS's January 30, 2023, off-the-record statement purportedly saying that FPS "assigned all of our interest." The Estate argues that this is a judicial admission, and FPS argues it was a mistake and not an unequivocal statement. Even excluding this statement, the pleadings clearly reveal a valid assignment from FPS to the assignees. We decline to allow FPS to create a factual dispute by contradicting this oral statement (*Hansen v. Ruby Construction Co.*, 155 Ill. App. 3d 475, 480 (1987)), as the written pleadings themselves support the circuit court's finding that valid assignments took place. Where the language within the pleadings demonstrates that FPS assigned its claim against the Estate to the assignees, there remains no genuine issue of material fact and the circuit court's granting of the Estate's motion for judgment on the pleadings is affirmed.

¶ 22 Finally, FPS argues that, should this court find that valid assignments occurred, the individual assignees (Lefkowitz, Gelbfish, Deyoe, and Schenker) hold a valid claim against the Estate. FPS contends that the assignees "stand in the shoes" of FPS's timely-filed claim. The Estate argues that the assigned claims are time-barred, as the assignees neither filed claims against the Estate themselves nor had counsel appear on their behalf. Moreover, the Estate points out that the assignments occurred in 2016, but FPS did not disclose the assignments to the Estate until 2023.

¶ 23 Lefkowitz, Gelbfish, Deyoe, and Schenker are not parties to this appeal—neither they nor counsel have entered appearances in this matter. FPS and the Estate request this court to determine whether the assigned claims remain valid. However, the assignees now "stand in the shoes" of FPS and therefore it is the assignees' interest that is at stake. The assignees must be represented in this cause to protect their interests. See *People v. Wurster*, 97 Ill. App. 3d 104, 106 (1981) (assignees of bail bonds must be accorded the right to intervene at a new hearing). We determine that this court lacks jurisdiction to determine the validity of the assignees' claims when the assignees are not parties to this appeal. *People v. Balaj*, 265 Ill. App. 3d 1070, 1078-79 (1994) (court lacked jurisdiction over assignees of bail bonds, where the assignees were not parties to the appeal). We have made the decisions necessary to adjudicate the issues between FPS and the Estate, and the matter is remanded to the circuit court to hold a new hearing pursuant to this order, where Lefkowitz, Gelbfish, Deyoe, and Schenker shall be accorded the right to intervene. See *Wurster*, 97 Ill. App. 3d at 106.

¶ 24                                        III. Conclusion

¶ 25 For the reasons stated, we affirm the circuit court's order granting the Estate's motion for judgment on the pleadings and remand for a new hearing consistent with this order.

¶ 26    Affirmed; cause remanded with directions.